IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL WINSTON, )
)
       Plaintiff, ) Case No. 1:09-cv-225-SJM
)
v. )
)
WILLIAM F. MORGAN, et al., )
)
       Defendants. )

## MEMORANDUM ORDER

Michael Winston is a *pro se* plaintiff prosecuting this and numerous other civil actions before this Court. In this complaint, he has sued a number of officials serving Warren County, Pennsylvania for alleged violations of his federal constitutional and statutory rights.[1] Presently pending before the Court are the Defendants' motions to dismiss this case for failure to state a cause of action upon which relief can be granted. For the reasons set forth below, that motion will be granted.

### I. BACKGROUND

Named as Defendants in this action are the following individuals: (i) William F. Morgan ("Morgan"), President Judge of the Warren County Court of Common Pleas; (ii) Maureen A. Skerda ("Skerda) and (iii) Paul H. Millin ("Millin), both Judges of the Warren County Court of Common Pleas; (iv) Ross McKeirnan ("McKeirnan"), the Warren County District Attorney; (v) Larry E. Kopko ("Kopko"), designated as "Warren County Sheriff and County Jail"; (vi) John E. Eggleston ("Eggleston"), Warren County Chairman; (vii) Terry L. Hawk ("Hawk"), Warren County Vice Chairman; (viii) John R.

---

[1] In his complaint, Plaintiff attempts to establish federal subject matter by citing to a slew of statutory and constitutional provisions. Of all the provisions cited, only 28 U.S.C. §§ 1331 and 1343 confer original jurisdiction over civil matters. For present purposes, we will proceed under the assumption that the Court has federal subject matter jurisdiction over Plaintiff's claims pursuant to these provisions.

Bortz, Jr. ("Bortz"), designated as "Secretary"; (ix) John R. Parroccini ("Parroccini"), Warren County Chief Public Defender; (x) Alan M. Conn ("Conn"), Warren County Assistant Public Defender; and (xi) an anonymous Defendant designated as "Clerk of Courts (Set Up and Records)."

Though Plaintiff has cited numerous federal constitutional and statutory provisions in support of his claim, his factual allegations reveal that he is attempting to bring a class action based on due process violations allegedly arising from the Court of Common Pleas' "roll call" procedures (otherwise commonly known as the "call of the list" or "calendar call").[2] If the defendant or the defendant's counsel is not present at the time of the assigned roll call, the court issues a bench warrant for failure to appear. (See Complaint ¶ 17.)

Plaintiff does not allege that a warrant was issued as to him personally. Rather, he claims that he "has been to all proceedings" and alleges only the hypothetical possibility that a bench warrant could be issued against him at some point in the future. (See *id.* ("Plaintiff has a criminal case scheduling form with dates to appear [and] if I do not [appear] a warrent [sic] for my arrest will be isued [sic].").) Thus, Plaintiff claims no actual injury resulting from the issuing of a bench warrant against himself personally.

Instead, Plaintiff claims injury from the fact that he has witnessed the court issuing bench warrants against other citizens of Warren County. More specifically, he asserts that he "has... been a victim of these actors by eye-witnessing the acts performed in order to gain financially." (Complaint ¶ 15.) On two occasions, he claims, namely, August 3 and August 17, 2009, he observed the "call of the list" procedure whereby bench warrants were issued against individuals who failed to appear in court. (*Id*. at ¶ 17.) He seems to be alleging that the responsible officials violated due process by requiring attendance "under false pretenses" when there was no formal court

---

[2] According to Black's Law Dictionary, a "calendar call" is a "court session given to calling the cases awaiting trial to determine the present status of each case and commonly to assign a date for trial." Black's Law Dictionary 203 (6th ed. 1990).

proceeding going on. (Id. at ¶ 18 ("Citizens have rights, jobs, familys [sic], and better things to do than be bound and held against their will for no reason at all !!!").) He also seems to be complaining about the fact that, "after the judge took his roll call he [adjourned]" and the public defender then "took over this court room," using the courtroom as "his office" as "a way to make money." (Id.)

Plaintiff files his complaint on behalf of all the individuals who either appeared on the two days in question or who failed to appear and had bench warrants issued against them as a result. He also purports to bring his claims on behalf of "all past and future victims." (Id. at ¶ 19.) He requests, among other things, that punitive damages in the amount of $ 5,000,000.00 be assessed for the benefit of all those who appeared in the Warren County Court of Common Pleas on the aforementioned dates as well as for the benefit of lawyers pursuing federal court actions on their behalf.

## II. STANDARD OF REVIEW

Defendants have filed motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the within action for failure to state a claim upon which relief may be granted. In addition, because this case is proceeding *in forma pauperis,* this Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to dismiss the action "at any time" if the court determines that, among other things, the action is "frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). When deciding a Rule 12(b)(6) motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008).

Because Plaintiff is proceeding *pro se*, his complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by

lawyers[.]'" *Brown v. City of Long Branch*, No. 09-3632, 2010 WL 1980997 at *2 (3d Cir. May 19, 2010) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, "[t]o survive a motion to dismiss, a complaint – even a pro se complaint –'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Thakar v. Tan*, No. 09-2084, 2010 WL 1141397 at *2 (3d Cir. March 25, 2010) (*quoting Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). *See also Brown*, *supra*, at *2 ("The factual allegations in the complaint must be sufficient to '"raise a right to relief above the speculative level."'") (*quoting Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

### III.  DISCUSSION

Having reviewed the complaint under the foregoing standards, this Court finds that the Plaintiff's complaint should be dismissed on several bases.

First, the Plaintiff lacks standing to assert the claims he is premising on the alleged violation of the constitutional rights of others. "[T]he existence of a case and [or] controversy is a prerequisite to all federal actions." *Joint Stock Society v. UDV North America, Inc.,* 266 F.3d 164, 174 (3d Cir. 2001) (internal quotations omitted) (*citing Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322 (3d Cir.1998)).  This Article III case-or-controversy requirement, in turn, includes a standing requirement, which focuses on who may bring an action.  *Id.* (citations omitted).  The doctrine of standing incorporates both a constitutional element and a non-constitutional, "prudential" element.  *Id.* at 174-75 (*citing Pitt News v. Fisher*, 215 F.3d 354, 359 (3d Cir.2000); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 484 (3d Cir.1998)).  Constitutional standing is a "threshold issue, and it includes three elements, all of which must be met:, *to wit:*  (1) the plaintiff must have suffered an injury

in fact; (2) there must be a causal nexus between that injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable judicial decision. *Id.* at 175 (citing cases). "These requirements ensure that plaintiffs have a 'personal stake' or 'interest' in the outcome of the proceedings, 'sufficient to warrant ... [their] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on ... [their] behalf.'" *Id.* (citing *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537-38 (3d Cir.1994) (citations omitted)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id. (citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Here, Plaintiff has not alleged any injury in fact based on the allegations in the complaint, as he claims that he has attended all of his own court proceedings and any injury to him personally in the future (in the form of a bench warrant) is purely speculative. To the extent he does allege injury, it is merely by virtue of "eye witnessing" the call-of-the-list proceedings on two occasions. In reality, he is merely asserting claims on behalf of other individuals who were affected by the proceedings he observed. His allegations establish neither injury-in-fact nor a causal connection to the complained of conduct.

Even if the Plaintiff has standing to bring this lawsuit, however, his complaint suffers from a second defect in that it fails to comply with the mandates of Fed. R. Civ. P. 8(a), which requires the plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Plaintiff purports to invoke myriad federal statutory and constitutional provisions in his complaint, he has alleged no facts whatsoever that could plausibly state a claim under these sources of law. This is contrary to the demands of *Bell Atlantic Crop. v. Twombly*, 550 U.S. 544 (2007), which require that a complaint contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." 550 U.S. at 570. *See also Thakar, supra*, at \*\*2 ("While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, *see Erickson*, 551 U.S. at 94, 127 S. Ct. 2197,

a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se.").

Third, Plaintiff's allegations, to the extent they are intelligible, fail to state any claim upon which relief may be granted. Most of the federal statutory and constitutional provisions cited within the complaint are facially inapplicable and lack any relevance whatsoever to the factual averments stated in the complaint.[3] Other sources of law cited within the complaint are patently insufficient to withstand a Rule 12(b)(6) motion because they confer no substantive rights upon the Plaintiff and/or no private right of action.[4]

The most plausible basis for a federal action is 42 U.S.C. § 1983 which provides a private right of action to

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws..."

---

[3] By way of example, Plaintiff purports to rely on 42 U.S.C. §1981 (prohibiting racial discrimination in the making and enforcement of contracts and property transactions), § 1985 (pertaining to conspiracies to interfere with civil rights), §1986 (pertaining to derivative actions for failure to prevent conspiracies under § 1985), § 1987 (pertaining to federal criminal prosecutions for the violation of certain laws), 18 U.S.C. §§ 241, 242, 245, 246, 1515, and 3231 (all provisions of the federal criminal code), the Equal Protection Clause, the 5th Amendment (Articles 4 and 6), the 6th Amendment, the 8th Amendment, the 9th Amendment (Article 1 § 8), and the 19th Amendment.

[4] *See, e.g., McGovern v. City of Philadelphia*, 554 F.3d 114, 115, 121 (3d Cir. 2009) (no private right of action against state actors can be implied under § 1981 beyond that which is already provided for by § 1983); *Carpenter v. Ashby*, 351 Fed. Appx. 684, 687 (3d Cir. Sept. 10, 2009) (no private right of action exists under 42 U.S.C. §§ 1987 or 1988); *Walthour v. Herron*, Civil Action No. 10-01495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, or 245) (slip copy); *Jones v. Lockett*, 2009 WL 2232812 at *8 (W.D. Pa. July 23, 2009) (slip copy) (18 U.S.C. § 241 does not provide for a private cause of action) (collecting cases); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 920 (E.D. Pa.1978) ("[18 U.S.C. § 245] permits federal prosecution for interference with a long list of federally protected activities; it confers neither substantive rights nor a private right of action for damages").

42 U.S.C.A. § 1983.[5]  In order to state a viable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[6]  *West v. Atkins*, 487 U.S. 42, 48 (1988)).  *See also Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  Here, the second criterion has not been met, as the complaint fails to allege any facts which, if proven, would establish that the named Defendants violated a right secured by federal law.  The courts' call-of-the-list procedure, even as portrayed by the complaint, manifestly does not constitute a violation of due process or any other federal constitutional right.

The remainder of Plaintiff's complaint and appended exhibits likewise fail to allege any facts which could give rise to the violation of a federally secured right.  As the Defendants accurately observe, the complaint is replete with conclusory allegations concerning alleged corruption in the Warren County Court of Common Pleas.  The allegations are often confused and disjointed.  At one point in an exhibit attached to the complaint, Plaintiff appears to complain about the *voir dire* process in his own criminal case (in which he represented himself) whereby Judge Morgan required *voir dire* questions to be submitted to the court and the Judge then conducted the *voir dire* himself.  Such a complaint likewise fails to state any basis for a constitutional or federal statutory violation. Although mere "threadbare recitals" of the elements of a cause of action are insufficient to properly state a claim under Rule 12(b)(6), see *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), the Plaintiff's complaint falls short

---

[5] To the extent Plaintiff is purporting to state a claim under § 1983, this Court's jurisdiction is premised on 28 U.S.C. §§ 1331 and 1343(a).

[6] To the extent Plaintiff is asserting a § 1983 claim against Defendants Parroccini and Conn, the claim fails because these Defendants cannot be considered "persons acting under color of state law" for purposes of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender representing a client in a lawyer's traditional adversarial role is not a state actor).

even of that. The "jurisdictional" portion of Plaintiff's complaint contains nothing more than a string of citations to federal statutory or constitutional provisions without anything more. Such deficiencies clearly fall short of the demands of Fed. R. Civ. P. 8(a).

Moreover, even if Plaintiff's allegations stated a viable constitutional tort, he has failed to allege personal involvement on the part of most of the Defendants. It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing authority). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, but such allegations "must be made with appropriate particularity." *Id*. No such allegations are set forth in the complaint here. Other than a generic reference to "the Judge[,] the DA and [the] Public Defender" being present (along with a "few private attorneys") at the roll call (see Complaint ¶ 18), no conduct is alleged relative to the Defendants that would show their personal involvement in the alleged wrongdoing or that they were personally responsible for the allegedly unconstitutional procedures being used. In fact, no conduct is alleged at all with respect (specifically) to Defendants Morgan, Skerda, Millin, Kopko, Eggleston, Hawk, Bortz, Conn, or "Clerk of Courts."

Finally, Plaintiff's claims against many, if not all, of the Defendants would be barred, in any case, on the basis of immunity. Eleventh Amendment immunity protects all states and state entitles from suit in federal court, unless Congress has abrogated the immunity or the state consents to be sued. U.S. CONST. amend XI; *U.S. v. Union Gas. Co.*, 832 F.2d 1343, 1346 (3d Cir. 1987). Judges of the Courts of Common Pleas within this Commonwealth are considered an integral part of the Commonwealth's unified judicial system and are therefore afforded protection under the Eleventh Amendment. *See Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3d Cir. 2005); *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) (citing authorities). Although Plaintiff argues that the Eleventh Amendment does not apply because he is

not seeking monetary relief, his complaint contains a request for $5,000,000.00.

Moreover, Defendants Morgan, Skerda, and Millin are immune from suit in their individual capacities pursuant to the doctrine of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). I agree with Defendants that, while the complaint does not identify any specific conduct on the part of Defendants Morgan, Skerda and Millin, to the extent they presided over the calls of the list, they were clearly engaged in a judicial function. Judge Morgan's actions in presiding over the Plaintiff's jury selection is likewise a clear judicial function. Accordingly, Defendants Morgan, Skerda, and Millin are entitled to judicial immunity.

In similar fashion, Defendant McKeirnan is immune from suit under the doctrine of prosecutorial immunity to the extent he is being sued for activities intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006). Here, the only allegations in the complaint directed at McKeirnan concern his alleged presence during call-of-the-list proceedings – clearly a judicial function. Accordingly, he is immune from suit under the facts alleged.

Defendants have raised other bases for dismissal of the complaint but, given the foregoing discussion, we need not reach those arguments.

## IV. CONCLUSION

Based upon the foregoing reasons, the Court finds that the Defendants' motions to dismiss the pending complaint should be granted. Courts in this circuit have been instructed that, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008)). This Court has read all of Plaintiff's filings in this case with an eye toward further factual averments which might cure the deficiencies in the complaint. However, since the Plaintiff's allegations –

to the extent they are comprehensible – suggest no basis for the existence of a viable legal claim, I find that further amendment would be futile.

Accordingly, the following order is entered:

AND NOW, *to wit,* this 13th day of September, 2010, for the reasons set forth herein above,

IT IS ORDERED that the Defendants' motions to dismiss the complaint (Docs. Nos. [9] and [12] shall be, and hereby are, GRANTED, and the within complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that, upon consideration of Plaintiff's motion for sanctions [23], his "testimony" in support thereof [24] and [27], and the Defendants' response thereto [26], said motion shall be, and hereby is, DENIED.

                                                s/     Sean J. McLaughlin

                                                SEAN J. McLAUGHLIN
                                                United States District Judge

cm:    All parties of record.